## SUPREME COURT. ○

CHARLES W. BLOSSOM agt. CHARLES W. ESTES.

SAME agt. SAME.

*Attachment — Effect of failure to serve or publish the summons within thirty days — Who may move to vacate.*

After an attachment is invalidated by failure to serve or publish the summons within thirty days after the issuing of the warrant, though the court may acquire jurisdiction and proceed with the action *in personam* upon the service of the summons or the defendant's voluntary appearance at a later date, yet the provisional remedy falls unless the service is effected or the publication commenced within the time prescribed by statute. A defendant has a right to move to vacate the attachment even if his object be to assist his assignees, the present Code expressly giving a status to other interested parties.

*First Department, General Term, May,* 1880.

APPEAL from two orders, one denying a motion to set aside a warrant of attachment, and the other denying a motion for leave to renew the first motion on additional affidavits.

*L. H. Arnold*, for appellant.

*E. H. Hobbs*, for respondent.

BARRETT, *J.*—It has been repeatedly held that an attachment is invalidated by the failure to serve or publish the summons within thirty days after the issuing of the warrant. The court may, of course, acquire jurisdiction and proceed with the action *in personam* upon the service of the summons or the defendant's voluntary appearance at a later date. But the provisional remedy falls unless the service is effected or the publication commenced within the time prescribed by statute. Here it is conceded that the publication was not commenced until after the expiration of the thirty days. This was not a mere irregularity but a jurisdictional omission which marked the destruction of the warrant. The alleged appearance, long afterward, did not revive the attachment. If authorized, it simply gave the court jurisdiction over the person of the defendant.

It is also urged that the motion, though nominally made by the defendant, is really in the interest of third persons claiming title to what was attached. It appears, however, that the attorney was employed by the defendant to make the motion, and the defendant himself furnishes an affidavit in support of it. The defendant has a right to so move, even if his object be mainly to assist his assignees, or though the latter may incidentally secure an advantage from his success. Indeed, under the present Code, in force when the motion was made, a status is expressly given to other interested parties. We think the attachment should have been vacated, and that the order in the first appeal should be reversed, with ten dollars costs and disbursements, and the motion granted.

It will be unnecessary, therefore, specially to consider the second appeal, although we must say that Mr. Hatch's affidavit would have justified a renewal of the motion even if we had sustained the respondent's view of the effect of an appearance.

This affidavit threw doubt upon the fact of an appearance, and at all events it showed that if he did appear it was without authority.

The second appeal should, under the circumstances, be dismissed without costs.